# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned on Briefs September 17, 2013

## STATE OF TENNESSEE v. JOSHUA TAYLOR

### Appeal from the Circuit Court for Lincoln County
#### No. S1200081     Robert Crigler, Judge

---

### No. M2013-00608-CCA-R3-CD    Filed October 22, 2013

---

Joshua Taylor ("the Defendant") pleaded guilty to possession of .5 grams or more of cocaine with intent to sell and simple possession of marijuana. Pursuant to his plea agreement, the Defendant received an effective sentence of eight years. The plea agreement provided that the manner of service would be determined by the trial court. Following a sentencing hearing, the trial court ordered the Defendant to serve his sentence in confinement. The Defendant appealed, arguing that the trial court erred in denying alternative sentencing. Upon our thorough review of the record and applicable law, we affirm the judgments of the trial court.

### Tenn. R. App. P. 3 Appeal as of Right; Judgments
### of the Circuit Court Affirmed

JEFFREY S. BIVINS, J., delivered the opinion of the Court, in which JOSEPH M. TIPTON, P.J., and ALAN E. GLENN, J., joined.

Andrew Jackson Dearing, III (on appeal), and William Harold (at trial), Assistant Public Defenders, Shelbyville, Tennessee, for the appellant, Joshua Ryan Taylor.

Robert E. Cooper, Jr., Attorney General and Reporter; Michelle L. Consiglio-Young, Assistant Attorney General; Robert Carter, District Attorney General; and Ann L. Filer, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

### Factual and Procedural Background

The Defendant was indicted on charges of possession of .5 grams or more of cocaine with intent to sell, a Class B felony, and simple possession of marijuana, a Class A

misdemeanor. He pleaded guilty to those offenses and received an effective sentence of eight years. Although the Defendant reached an agreement with the State as to the length of his sentence, the plea agreement left the manner of service to be determined by the trial court. The Defendant requested to be placed on probation or sentenced to community corrections.

At the sentencing hearing, the State submitted a presentence report and copies of the Defendant's prior convictions, along with the testimony of Joyce Reed, the probation and parole officer for the Tennessee Department of Correction who prepared the presentence report. The proof established that the Defendant had multiple prior misdemeanor convictions, including a prior conviction for simple possession of a Schedule VI controlled substance, and three probation violations. The Defendant also was on probation at the time he was arrested for the instant offenses. In addition, the State submitted copies of the Defendant's prior juvenile delinquent adjudications, including one for burglary, which would have constituted a felony had the Defendant been convicted as an adult.

The Defendant testified that he began using cocaine to "self-medicate" the phantom pain he experienced after losing his right arm in a work-related accident and became addicted as a result. The Defendant also acknowledged that he received $100,000 in compensation as a result of his work-related accident. He admitted that he used this money to purchase and use cocaine "every day" until the money ran out. The Defendant's girlfriend, mother, and grandmother all testified to the Defendant's frequent cocaine use and difficulty finding work after his accident. Based on this evidence, the Defendant asked the trial court to consider alternative sentencing in the form of full probation or the community corrections program, arguing that his addiction and disability made him a good candidate for rehabilitation.

In denying alternative sentencing, the trial court considered the Defendant's prior convictions, his regular drug use, his three prior probation violations, as well as the fact that the Defendant was on probation at the time he committed the instant offenses. Based on this, the trial court concluded that alternative sentencing was inappropriate because the Defendant had a long history of criminal conduct and less restrictive measures than confinement recently had been applied to the Defendant unsuccessfully. Finally, the trial court noted that possession of .5 grams or more of cocaine with intent to sell is a Class B felony and, therefore, outside the class of convictions statutorily considered as favorable for alternative sentencing.[1] Accordingly, the trial court denied the Defendant's request for alternative sentencing and ordered the Defendant to serve his sentence in confinement.

_____

[1] Tennessee Code Annotated section 40-35-102 specifies that a defendant who is "an especially mitigated or standard offender convicted of a class C, D, or E felony, should be considered as a favorable candidate for alternative sentencing options in the absence of evidence to the contrary . . . ." Tenn. Code Ann. § 40-35-102(6)(A) (2010).

On appeal, the Defendant contends that the trial court erred in denying his request for alternative sentencing. The State disagrees.

**Analysis**

Prior to imposing a sentence, a trial court is required to consider the following:

(1) The evidence, if any, received at the trial and the sentencing hearing;

(2) The presentence report;

(3) The principles of sentencing and arguments as to sentencing alternatives;

(4) The nature and characteristics of the criminal conduct involved;

(5) Evidence and information offered by the parties on the mitigating and enhancement factors set out in [Tennessee Code Annotated sections ] 40-35-113 and 40-35-114;

(6) Any statistical information provided by the administrative office of the courts as to sentencing practices for similar offenses in Tennessee; and

(7) Any statement the defendant wishes to make in the defendant's own behalf about sentencing.

Tenn. Code Ann. § 40-35-210(b) (2010).

The referenced "principles of sentencing" include the following: "the imposition of a sentence justly deserved in relation to the seriousness of the offense" and "[e]ncouraging effective rehabilitation of those defendants, where reasonably feasible, by promoting the use of alternative sentencing and correctional programs." Tenn. Code Ann. § 40-35-102(1), (3)(C)(2010). "The sentence imposed should be the least severe measure necessary to achieve the purposes for which the sentence is imposed," and "[t]he potential or lack of potential for the rehabilitation or treatment of the defendant should be considered in determining the sentence alternative or length of a term to be imposed." Id. § 40-35-103(4), (5) (2010).

A sentence including confinement should be based on the following considerations:

> (A) Confinement is necessary to protect society by restraining a defendant who has a long history of criminal conduct;

> (B) Confinement is necessary to avoid depreciating the seriousness of the offense or confinement is particularly suited to provide an effective deterrence to others likely to commit similar offenses; or

> (C) Measures less restrictive than confinement have frequently or recently been applied unsuccessfully to the defendant.

Tenn. Code Ann. § 40-35-103(1) (2010).

When the record establishes that the trial court imposed a sentence within the appropriate range that reflects a "proper application of the purposes and principles of our Sentencing Act," this Court reviews the trial court's sentencing decision under an abuse of discretion standard with a presumption of reasonableness. State v. Bise, 380 S.W.3d 682, 707 (Tenn. 2012). The Tennessee Supreme Court also expressly has held that the Bise standard applies to "questions related to probation or any other alternative sentence." State v. Caudle, 388 S.W.3d 273, 278-79 (Tenn. 2012). "[A] trial court's misapplication of an enhancement or mitigating factor does not remove the presumption of reasonableness from its sentencing decision." Bise, 380 S.W.3d at 709. This Court will uphold the trial court's sentencing decision "so long as it is within the appropriate range and the record demonstrates that the sentence is otherwise in compliance with the purposes and principles listed by statute." Id. at 709-10. Moreover, under those circumstances, we may not disturb the sentence even if we had preferred a different result. See State v. Carter, 254 S.W.3d 335, 346 (Tenn. 2008). The party appealing the sentence has the burden of demonstrating its impropriety. Tenn. Code Ann. § 40-35-401, Sent'g Comm'n Cmts.; see also State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991).

In the instant case, the Defendant and the State reached an agreement with regard to sentence length. Therefore, the only issue for the trial court to determine was the manner of service. Our review of the record indicates that the trial court considered the Defendant's history of criminal conduct, including his prior convictions and past frequent drug use. The trial court also considered the fact that less restrictive measures than confinement recently had been applied to the Defendant unsuccessfully. Based on these considerations, the trial court concluded that the Defendant was not an appropriate candidate for alternative sentencing and ordered the Defendant to serve his entire sentence in confinement. We hold

that the trial court properly applied the purposes and principles of the Sentencing Act. Accordingly, the Defendant is not entitled to any relief.

## **Conclusion**

Based on the foregoing, we conclude that the trial court did not abuse its discretion in denying the Defendant's request for alternative sentencing. Accordingly, the judgments of the trial court are affirmed.

_____
JEFFREY S. BIVINS, JUDGE